## UNITED FINANCE CORPORATION *v.* ELAINE REALTY COMPANY

[No. 35, January Term, 1937.]

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Nathan Posner* for the appellant.

*William Edgar Byrd*, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The Elaine Realty Company, a corporation, on May 1st, 1936, executed a written contract under which it bargained and sold to the United Finance Corporation a lot of ground approximately four hundred and fifteen feet long by one hundred and fifty-six feet wide, bounded by Baltimore, Ellamont and Elbert Streets, and Bernice Avenue, in Baltimore City, and agreed upon payment of the purchase price to convey the lot so sold to the vendee by "a good and merchantable title."

The vendee failed to pay the purchase price or to consummate the sale, and on September 26th, 1936, the vendor filed the bill in this case against the vendee, in the Circuit Court of Baltimore City, to compel it to specifically perform that contract.

In its answer, the vendee, by way of defense, alleged that the vendor was not able to convey to it a good and merchantable title because, it said, a part of said lot lay in the beds of Tenth Street West, and Baltimore Street, and a part of those streets was dedicated to public use.

In the course of the proceedings Edward V. Coonan and Helen B. Coonan intervened as defendants, asserted that they owned land abutting on that portion of the way called Baltimore Street (which for a part of its width is now called Elbert Street), that Baltimore Street was dedicated to the use of the public for its entire width, that they owned the fee in the northern half of that part of it on which their property abutted, and that they were entitled to the use of it for its entire width as a public street. It was stipulated by counsel for all parties in interest that no decree entered in this case should affect or apply to any part of the bed of Baltimore Street as laid out between certain dotted lines on a plat filed in the proceedings. The Coonans are not therefore parties to this appeal, and so much of the pleadings as refers to the way described on said plat as Baltimore Street may be disregarded.

It has been agreed by counsel that, except for the facts stated above, the facts of this case are identical with those found in the record in No. 34 of the January term of this court, and that the question of law presented by this appeal is same as that presented in that case, so that the decision in that case must control the decision in this. It was decided in that case that neither the public, nor the municipality in which the land is located, has any interest or right in the land, lying within the outlines of Tenth Street West as shown on a certain plat filed in 1873 with the County Commissioners of Baltimore County, which may be asserted at this time. See *United Finance Corp. v. Royal Realty Corp.*, ante p. 138, 191 A. 81.

Since the only objection offered by the appellant to the propriety of the relief prayed by the appellee was that that part of the lot of ground described in the agreement of sale "as lying in the bed of Tenth Street West" was dedicated to public use, it follows that, for the reasons assigned for the conclusions announced in No. 34 of the current term of this court, the decree appealed from must be affirmed.

*Decree affirmed, with costs.*